## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**RHONDA K. CUNDIFF,**
                **Plaintiff**

**v.**                                                          **Civil Action Number**
                                                                                    **4:06CV106-J**

**MICHAEL J. ASTRUE, Commissioner,**
  **Social Security Administration,**
                            **Defendant**

### MEMORANDUM OPINION

      This matter is before the Court on plaintiff Rhonda Cundiff's request for review of the decision of the defendant Commissioner denying her claim to disability insurance benefits and supplemental security income payments . After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the Commissioner's decision should be vacated and the matter remanded for further proceedings.

      Plaintiff filed her applications on February 13, 2004, alleging that she had been unable to engage in any substantial gainful employment since December 1, 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Cundiff's fibromyalgia, mild reactive airway disease, depressive disorder and anxiety-related disorder were severe impairments, but that they did not prevent her from performing her past relevant work as a bookkeeper.

      The central issue on this appeal concerns Ms. Cundiff's fibromyalgia. The Commissioner did not have the benefit of the recent case of Rogers v. Commissioner of Social Security, __F.3d__, 2007 WL 1501302 (6th Cir. May 24, 2007), which discussed the elevated

importance of treating physician opinion in cases of fibromyalgia. In that case, like this one, the ALJ had relied on opinions of non-treating physicians who, in turn, relied on the absence of objective findings; in that case, like this one, the ALJ had minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to support the decision. The court observed that "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

In the current case, treating physician Dr. Howard confirmed the diagnoses of fibromyalgia. See, e.g., Tr. 260. The record includes the report of Dr. Sims, a rheumatologist, who recorded that Ms. Cundiff demonstrated 18 of the 18 possible fibromyalgia tender points. Dr. Sims further noted that no pharmacologic treatment was available for fibromyalgia, and that he urged Ms. Cundiff to continue chiropractic treatment, which offered the best chance of benefit. Tr. 184-185. Similarly, Dr. Arias, a neurosurgeon, examined Ms. Cundiff at her treating physician's request and diagnosed fibromyalgia; he advised Ms. Cundiff that no surgical intervention was available to help her. Tr. 147-148. Whether the treatment records of Dr. Liebenauer, the chiropractor, are viewed as those of a treating source or as "other," they demonstrate long-standing and frequent treatment for intractable pain, and they demonstrate that Ms. Cundiff was pursuing the only treatment hope offered by any medical source. Tr. 173 et seq.

Thus, the diagnosis of fibromyalgia is not in doubt in this case, and, indeed, the ALJ

found it to be a severe impairment. The limitations imposed by fibromyalgia include pain and fatigue. As tolerance of pain is very much an individual matter, much depends on the credibility of the plaintiff. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). In the current case, in declining to fully credit Ms. Cundiff's complaints of constant and disabling pain, the ALJ noted "the objective medical and 'other' evidence does not establish ... impairment causing the degree of pain and limitation she alleges." Tr. 17. As noted earlier, it is inappropriate to insist on "objective" evidence of the degree of pain and fatigue caused by fibromyalgia. Under the circumstances in this case, where subjective experience is central to the outcome, it is difficult to see how the ALJ could properly rely on a non-examining physician's opinion in rejecting Ms. Cundiff's allegations. The ALJ also implied that the fact that she takes only over-the-counter pain medications, and the fact that

she relies on chiropractic treatment are indications that her symptoms are not disabling. However, as set out above, she has been advised by specialists that drugs are unlikely to provide her with any relief, and that chiropractic care *is*, in fact, the treatment modality that holds the greatest hope of any relief for her.  Finally, the ALJ stated that she has not presented her complaints "to the degree she alleges" to treating sources. Tr. 17.  In fact, the record shows that she *has* presented complaints of pain repeatedly over a substantial period of time.

Because of the special circumstances presented by a fibromyalgia diagnosis, the ALJ must be especially careful to apply the proper tests and procedures in weighing treating source opinion and in weighing claimant credibility.  In light of the discussion in Rogers, supra, the Court is unable to say that this occurred in this case.  Consequently, remand is necessary for application of the appropriate standards.

An order in conformity has this day entered.